```
   IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

      MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


UNITED STATES OF AMERICA    )
                            )  CRIM. ACTION NO.
   v.                       )    3:94cr25-MHT
                            )       (WO)
MORRIS RAMSEY               )
```

## OPINION AND ORDER

In February 1994, defendant Morris Ramsey was named in two counts of a multi-count superseding indictment alleging a variety of crimes related to a cocaine distribution conspiracy. In April 1994, he was found guilty on both counts. Before the court now are several motions filed by Ramsey challenging the legality of his conviction. The court will deny Ramsey's motions.

## I. BACKGROUND

On February 24, 1994, the grand jury returned a 28-count indictment charging 15 defendants with a variety of crimes related to cocaine distribution. Ramsey was named in two counts of the indictment and was found guilty on

both counts on April 15, 1994. He was sentenced to a total term of 169 months, and his conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals. United States v. Trammell, 107 F.3d 23 (11th Cir. 1997).

On August 15, 1997, Ramsey filed a habeas petition under 28 U.S.C.A. § 2255.[1] Ramsey's one claim was that he was denied effective assistance of counsel because his lawyer did not appeal the district court's failure to make an individualized finding about the quantity of drugs attributable to Ramsey. On August 12, 1999, this court granted Ramsey's motion, vacated his sentence, and ordered that he be resentenced.[2] Ramsey was resentenced to a total sentence of 300 months on March 23, 2000.[3]

Ramsey's second sentence was vacated by the Eleventh Circuit on appeal, and his case was remanded for a third sentencing in light of the United States Supreme Court's

---

    1.    Motion, etc., filed Aug. 15, 1997 (Doc. No. 585).

    2.    Order, filed Aug. 12, 1999 (Doc. No. 765).

    3.    Amended Judgment, filed Mar. 27, 2000 (Doc. No. 818).

2

decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000).  At his third sentencing, this court sentenced Ramsey to a total term of 292 months.[4]  The Eleventh Circuit subsequently affirmed this sentence, <u>United States v. Davis</u>, 329 F.3d 1250 (11th Cir. 2003).

    The court now has before it two motions filed by Ramsey.  First, in February 2004, Ramsey moved that the court allow him to inspect the records, maintained pursuant to Federal Rule of Criminal Procedure 6(c), regarding the grand jury that indicted him or, in the alternative, that the court dismiss the indictment against him based on the government's failure to comply with the Federal Rules of Criminal Procedure governing the conduct of the grand jury.[5]  Second, in March 2004, Ramsey filed a reply brief, which discusses further the

---

    4.  Amended Judgment, filed Jan. 11, 2002 (Doc. No. 900)

    5.  Motion for the Validation of the Criminal Indictment, etc., filed Feb. 3, 2004 (Doc. No. 955) (February Motion).

grand jury claim raised in his first motion and incorporates a new claim for his immediate release.[6]

## II.  DISCUSSION

The court cannot the reach the merits of Ramsey's motions because it lacks jurisdiction to hear his claims. It is undisputed that Ramsey previously filed a § 2255 habeas petition in 1997.[7]  Before the court can consider

---

6. Traverse Answer to Government's Response, filed Mar. 12, 2004 (Doc. No. 958) (March Motion).

7. As stated, Ramsey's 1997 petition was successful, with this court granting him relief on his sole claim that he was denied effective assistance of counsel because his lawyer failed to appeal the court's failure to make an individualized finding of attributable drug quantity.  The court vacated Ramsey's sentence and he was resentenced.  In the motions under consideration here, Ramsey asserts claims challenging the grand jury proceedings in his case.  The grounds for such claims existed at the time Ramsey filed his earlier, successful § 2255 motion and are unrelated to any aspect of the resentencing proceedings that followed his successful pursuit of the earlier § 2255 motion.  Therefore, Ramsey's current motions should be regarded as successive § 2255 motions. See Galtieri v. United States, 128 F.3d 33, 37-38 (2nd Cir. 1997) ("[W]henever a first 2255 petition succeeds in having a sentence amended, a subsequent 2255 petition will be regarded as a 'first'
(continued...)

a second or successive § 2255 motion, a panel of the United States Court of Appeals for the Eleventh Circuit must certify that it contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

---

7. (...continued)
petition only to the extent that it seeks to vacate the new, amended component of the sentence, and will be regarded as a 'second' petition to the extent that it challenges the underlying conviction or seeks to vacate any component of the original sentence that was not amended.") (cited in Walker v. Crosby, 341 F.3d 1240, 1245 n.4 (11th Cir. 2003)); see also Walker v. Roth, 133 F.3d 454, 455 n. 1 (7th Cir. 1997) ("Of course, had Walker sought to challenge aspects of his conviction [as opposed to aspects of his resentencing] the district court would have been correct in dismissing his petition as successive."); In re Green, 215 F.3d 1195, 1196 (11th Cir. 2000) ("Green's § 2255 motion only attacks his amended sentence which the district court entered after it vacated his original sentence, following a successful pursuit of a § 2255 motion. Because Green attacks the constitutionality of his re-sentencing proceeding only, and not the validity of his conviction, we hold this § 2255 motion is not 'second or successive.'").

Court, that was previously unavailable." 28 U.S.C.A. § 2255. "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). It is also undisputed that Ramsey did not seek authorization from the Eleventh Circuit.

This presumptive bar applies equally to motions that are the functional equivalents of habeas petitions. See Farris, 333 F.3d at 1216; Gilreath v. State Bd. of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001). A motion or petition is the functional equivalent of a habeas petition when "a judgment in favor of the [petitioner] would necessarily imply the invalidity of his conviction or sentence." Bradley v. Pryor, 305 F.3d 1287, 1290 (11th Cir. 2002) (quoting Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372 (1994)). To make the "functional equivalent" determination, the court looks at the relief the petitioner seeks. Gilreath, 273 F.3d at 933.

6

Ramsey's February motion alleges grand jury error. He challenges whether the required 12 grand jurors concurred in the indictment and whether the indictment was returned in open court.  Fed. R. Crim. P. 6(f). Ramsey's ultimate argument is that because the grand jury rules were not followed, this court never had jurisdiction over him.  There is, by no means, agreement on Ramsey's assumption that a failure to follow Rule 6(f) would deprive this court of jurisdiction, see, e.g., United States v. Engiwe, 17 F. Supp. 2d 390, 393 (E.D. Pa. 1998), however it is clear that Ramsey seeks to have his conviction and sentence invalidated.  He writes that his "SENTENCE IS VOID AND SUBSEQUENTLY ILLEGAL AS A RESULT OF THIS ERROR,"  and in his prayer for relief, he seeks the "immediate dismissal of the indictment" and his "immediate release ... from his illegal confinement and custody."[8]  Accordingly, the court finds that Ramsey's

---

8. February Motion at 10, 11.

February motion is the functional equivalent of a habeas petition and thus must be dismissed.

Ramsey's March motion raises several issues. He reiterates the above argument, he raises a new grand jury argument, he argues prosecutorial misconduct and fraud on the court premised on the purported grand jury errors, and he raises a commerce clause challenge. Again, Ramsey asks that the court "[i]mmediately dismiss the indictment" against him and "issue an Order of Release to the Bureau of Prisons, ordering [his] immediate release from his illegal confinement."[9] Based on the nature of Ramsey's claims and the relief he seeks, the court finds that his motion is the equivalent of a habeas petition and thus must be dismissed.

### III.  CONCLUSION

The court concludes that Ramsey's two motions are the functional equivalents of habeas corpus petitions, and,

---

9.  March Motion at 19.

therefore, the court does no have jurisdiction to hear them because Ramsey did not obtain certification from the Eleventh Circuit pursuant to 28 U.S.C.A. § 2255.

Accordingly it is ORDERED that:

(1) Petitioner Morris Ramsey's motion for the validation of the criminal indictment, etc. (Doc. No. 955) is denied;

(2) Petitioner Ramsey's motion for immediate release incorporated within the traverse answer to government's response (Doc. No. 958) is denied.

DONE, this the 24th day of July, 2007.

                                        /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE